**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID L. TOUSIGNANT, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CASE NO. CV-22-_____** |
| | ) | |
| **METROPOLITAN LIFE INSURANCE CO.** | ) ) | |
| **Defendant.** | ) ) ) | |

**NOTICE OF REMOVAL**

Defendant Metropolitan Life Insurance Company ("MLIC") hereby gives notice of the removal of the civil action filed by Plaintiff David L. Tousignant ("Plaintiff") against MLIC in the Circuit Court of Cook County, Illinois, entitled *David L. Tousignant v. Metropolitan Life Insurance Co.*, Case No. 2021-CH-06244.[1] The claims asserted by Plaintiff against MLIC are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461. Thus, this Notice of Removal is based upon federal question jurisdiction and is filed pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. Pursuant to 28 U.S.C. § 1446(a), a copy of all records and proceedings from the state court file, including a copy of all process, pleadings, and orders are attached to this Notice of Removal as **Exhibit A.**

As grounds in support of this removal, MLIC states as follows:

---

[1] In the style of the state court case, Plaintiff has referred to Defendant simply as "MetLife" The full and correct name of the Defendant is Metropolitan Life Insurance Company.

## I.    NATURE OF THE ACTION

1.    As a participant in the Union Pacific Corporation Agreement Life Insurance Plan (the "Plan"), Plaintiff sought family accidental death & dismemberment ("AD&D") coverage pursuant to a group insurance policy issued by MLIC to Union Pacific Railroad to fund the benefits available under the Plan.  A true and correct copy of Plaintiff's claim form was attached to the Complaint as Exhibit 1 and is also attached hereto as **Exhibit B**.  (*See* Ex. B, at p. 2.)

2.    On or about December 26, 2020, Plaintiff submitted a claim to MLIC for accidental death benefits following the death of his 31-year-old son.  (*See* Ex. B.)

3.    MLIC denied this claim.  A true and correct copy of MLIC's March 12, 2021 letter denying Plaintiff's claim was attached to Plaintiff's Complaint as Exhibit 3 and is also attached hereto as **Exhibit C**.  As set forth in the letter, the Plan Certificate Booklet defines "dependent" as a spouse or natural child except for "a child who is age 26 or older and dependent on you for financial support."  (*Id.*, at p. 1.)

4.    The March 12, 2021 letter also explains that the applicable benefits plan was "an employee benefit plan regulated by the [ERISA]."  (*Id.*)

5.     On December 15, 2021, Plaintiff filed a class action complaint styled *David L. Tousignant v. Metropolitan Life Insurance Co.*, Case No. 2021-CH-06244, in the Circuit Court of Cook County, Illinois.   Plaintiff's Complaint seeks money judgment and injunctive relief against MLIC in connection with its denial of Plaintiff's claim.

6.    Specifically, the Complaint alleges that MLIC fraudulently "collect[ed] premium for no purpose" because Plaintiff's son was over the age of 26.  (*See* Ex. A, Complaint ("Compl.") ¶ 8.)   The Complaint is drafted with five sub-headings labeled as "Counts."  Count I is for "Deceptive Practice," which includes allegations that "Metlife defrauded [Plaintiff]" and that

"selling this Plan was fraudulent[,]" and also references the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2. (Compl. ¶¶ 30, 32.) The remaining counts are: (II) Class Allegations; (III) Appointment of a Special Representative; (IV) "Denial should be overruled on Estoppel," which necessarily implicates ERISA's equitable remedies in 29 U.S.C. § 1132(a)(3); and (V) (improperly labeled in the Complaint as "IV") Motion to Certify the Class.

7.      In Count II, Plaintiff purports to represent a class of "persons (A) who were consumers of Metlife who entered into a 'dependent life insurance plan' singly or jointly or with a child over 26 and for which Metlife charged and took a fee/premium for the 'plan' and (B) who were consumers of Metlife who entered into a 'dependent life insurance' plan singly or jointly when Metlife denied and/or Metlife failed to return the fee/premium so unjustly earned." (*Id*. ¶ 37.)

8.      True and correct copies of the summons and Complaint served on MLIC are included in Exhibit A.

## II.      FEDERAL QUESTION JURISDICTION

9.      28 U.S.C. § 1441(a) permits the removal from state court of any claims over which the United States district courts have original jurisdiction. Here, removal is appropriate because Plaintiff's claims arise under and implicate ERISA, which governs the issues and questions regarding Plaintiff's claim for benefits, and therefore present a federal question under 28 U.S.C. § 1331.

10.     ERISA, at 29 U.S.C. § 1132(a)(1)(B), allows a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

11.     29 U.S.C. § 1132(a)(1)(B) completely preempts the state law claims asserted in the Complaint. Complete preemption under § 1132(a) has such "extraordinary pre-emptive power" that it converts certain state law claims into ERISA claims, and confers federal jurisdiction to adjudicate those claims under ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). "'[C]auses of action within the scope of the civil enforcement provisions of § [1132](a) [are] removable to federal court.'" *Id.* (quoting *Taylor*, 481 U.S. at 66).

12.     The Plan is an employee welfare benefit plan governed by ERISA. *See* 29 U.S.C. § 1001, et seq. (*See also* Ex. C, at p. 1.)

13.     Plaintiff seeks to recover benefits and to enforce rights under the Plan. (*See* Ex. A, Compl.)

14.     Count I of Plaintiff's Complaint seeks a money judgment and injunctive relief for "Deceptive Practices." Although dressed in allegations of fraud, this claim is nothing more than an attempt to recover benefits Plaintiff believes he is owed under his employee benefit plan. Plaintiff's claim for benefits cannot be resolved without reviewing the terms of the Plan relating to eligibility for Plan benefits. Plaintiff's claim, therefore, falls within the scope of 29 U.S.C. §1132(a)(1)(B) and is completely preempted and governed by ERISA. *See Davila*, 542 U.S. at 210. *See also Weeks v. UMR, Inc.*, 370 F.Supp.3d 943 (C.D. Ill. 2018) (ICFA claim preempted where it "relie[d] on the Plan's existence and a determination that Defendant made a deceptive statement about its terms . . . [such that] the Court would have to interpret the Plan's terms."); *Kaden v. First Commonwealth Ins. Co., No. 05 C 2212*, 2005 WL 2656381, at *3 (N.D. Ill. Oct. 14, 2005) ("The operative facts alleged here are that plaintiff was promised a benefit under his employer's plan which was incorrectly described, that plaintiff bought into the dental plan in

reliance on the misrepresentation and, as a result, suffered pecuniary loss. ERISA provides a remedy for that claim."); *Dobner v. Health Care Serv. Corp.*, No. 01 C 7968, 2002 WL 1348910, at *2 (N.D. Ill. June 19, 2002) (ICFA claims preempted where the plaintiff's claim involved "interpreting the benefits provided under the ERISA plan to see if there was any deceptive practice of denying Plaintiff the benefits she alleges she is entitled to."). In addition, Plaintiff's "Deceptive Practices" claim does not implicate state laws that "regulate insurance" for purposes of ERISA's savings clause. 29 U.S.C. § 1144(b)(2)(A). *See Dobner*, 2002 WL 1348910, at *4 (ICFA is a "set of general business norms" that does not regulate insurance within the meaning of ERISA) (*citing Anderson v. Humana, Inc.*, 24 F.3d 889, 892 (7th Cir. 1994).

15. Count IV, "Denial should be overruled on Estoppel," is the only other count that purports to state a claim. However, any claim for equitable relief relating to Plaintiff's employee benefit plan must be pled under ERISA. 29 U.S.C.A. § 1132(a)(3).

16. Accordingly, Plaintiff's Complaint presents a federal question and removal is appropriate under 28 U.S.C. § 1331.

III.    **TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL**

17. The United States District Court for the Northern District of Illinois, Eastern Division, is the federal judicial district and division embracing the Circuit Court in and for Cook County, Illinois, where the suit was originally filed. Removal to this District and Division is therefore proper pursuant to 28 U.S.C. § 81(a) and § 1441(a).

18. MLIC was served with the complaint and summons on January 11, 2021. This Notice of Removal is properly filed within 30 days of January 11, 2021.

19.     In accordance with the requirements of 28 U.S.C. § 1446(a), a copy of all records and proceedings from the state court file, including a copy of all process, pleadings, and orders served upon MLIC is attached.  (*See* Ex. A.)

20.     Contemporaneously with the filing of this Notice of Removal, MLIC will cause a copy of this Notice of Removal to be timely filed with the Clerk of the Circuit Court of Cook County, Illinois, where the action was filed.  The Notice of Filing Notice of Removal will be filed in the Circuit Court of Cook County using the Court's e-filing system which will send notification to counsel for Plaintiff.  Counsel for MLIC shall also serve a copy of this Notice of Removal to Plaintiff's counsel by U.S. Mail and electronic mail.  Thus, in so doing, MLIC is in compliance with the requirements of 28 U.S.C. § 1446(d).

21.     The proper filing fee has been tendered to the Clerk of the United States District Court for the Northern District of Illinois.

22.     All prerequisites for removal have been met.

WHEREFORE, PREMISES CONSIDERED, MLIC requests that this Court take cognizance and jurisdiction of this cause and enter any and all Orders necessary to effectuate the removal of this cause from the Circuit Court of Cook County, Illinois, to this Honorable Court.

Dated: February 9, 2022

Respectfully submitted,

*/s/ Leah Bruno*

Leah R. Bruno
Kelsey N. Weyhing
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL  60606
312-876-8000
leah.bruno@dentons.com
kelsey.weyhing@dentons.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February 2022, I served a copy of the foregoing upon the following attorney by U.S. Mail and electronic mail:

Samuel A. Shelist
SHELIST & PEŃA LLC
29 East Madison Street, Suite #1000
Chicago, Illinois 60602
Telephone (312) 644-3900
sshelist@shelistandpena.com

/s/ Leah Bruno

7